IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MCDUFFIE<br>203 Cedar St.<br>Bristol, PA 19007 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| SPECIALTY RING PRODUCTS, INC.<br>2374 State Road.<br>Bensalem, PA 19020 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Brian McDuffie (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Specialty Ring Products, Inc. (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d *et. seq.*) and Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981) and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

2.      Specifically, Plaintiff contends that Defendant discriminated against him because his race/color (African American/Black), retaliated against him following his complaints of discrimination, and subjected him to a hostile work environment, in violation of Title VII, 1981 and the PHRA.

**JURISDICTION AND VENUE**

3.      This action is also being initiated pursuant to federal laws (Section 1981 and Title VII) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.      On or about November 13, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-01220. Plaintiff's EEOC Charge was dual-filed within one hundred and eighty (180) days of the unlawful employment practice.

7.      By correspondence dated March 07, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff that he had ninety (90) days to file suit against Defendant.

8.      Plaintiff filed the instant action within the statutory time frame applicable to his federal claims.

9.      Although one (1) year has not yet passed since Plaintiff dual filed his Charge with the EEOC and the PHRC, courts in this Circuit have adopted a flexible approach to exhaustion by permitting plaintiffs to maintain claims if the one (1) year deadline expires during the court proceedings.  See, e.g., O'Malley v. Dowd Marketing, Inc., No. 17-cv-1419, 2018 WL 6313616, at *10-11 (M.D. Pa. Nov. 15, 2018) (citations omitted) (deeming the plaintiff's PHRA claims constructively exhausted because the one year since the filing of the plaintiff's administrative charge passed during the pendency of the lawsuit).

10.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

### **PARTIES**

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is an adult individual, with an address as set forth in the caption.

13.     Defendant is an enterprise focused on manufacturing forged, seamless rolled rings and shapes, catering to aerospace, defense, bearing, and other industrial applications. This entity is based in Bensalem, Pennsylvania, at the address as set forth in the caption.

14.     At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff is a black (African-American) male.

17. Defendant hired Plaintiff on or about April 17, 2024, as an Inspector (primarily performing a highly labor-intensive role with quality assurance) in the quality and inspection department.

18. Initially, Plaintiff was hired by Defendant through a temporary employment/staffing agency.

19. However, due to Plaintiff's outstanding work performance, Plaintiff was hired on a temporary basis by Defendant after approximately six (6) months of employment with Defendant.

20. Indeed, throughout the course of his employment with Defendant, Plaintiff was a hard-working employee who performed his job well and was often praised by the Owner of Defendant, Alex Jennings ("Jennings").

21. Throughout the tenure of Plaintiff's employment, he was primarily supervised by Manager John Jimenez ("Jimenez"), Manager Terell (last name unknown) ("Terell LNU"), and Vice President of Operations Jose Lozano ("Lozano").

22. Upon information and belief, Plaintiff was the only African American/Black employee in the quality and inspections department.

23. During Plaintiff's time working for Defendant, Plaintiff was discriminated against in the following ways:

a.    Plaintiff was frequently referred to as "Donkey Kong" (insinuating that because Plaintiff was African American/Black, he was similar to a "black monkey");

b.    On several occasions, one of Plaintiff's coworkers Kevin Longbottom ("Longbottom"), would put two fingers over his mouth as if to simulate a mustache while reenacting the Nazi salute (a/k/a the Sieg Heil Salute) and would pretend to march like a Nazi while in the presence of Plaintiff (insinuating that since Plaintiff was African American/Black, nazis would be out to get him);

c.    Longbottom and Plaintiff's coworker Mike (last name unknown) ("Mike LNU"), would make discriminatory remarks about Plaintiff, including associating Plaintiff with "fried chicken" and "watermelons;" and,

d.    Longbottom and Plaintiff's coworker Mike LNU would harass Plaintiff, yell at Plaintiff, and taunt Plaintiff, but would not behave the same way to non-African American/Black employees;

24.    After continued hostility and mistreatment due to his race/color, Plaintiff reported the aforesaid discriminatory behavior to Jimenez in or about August 2024, September 2024 and October 2024.

25.    Plaintiff also made several complaints to Carlos (last name unknown).

26.    Instead of conducting any sort of meaningful investigation, Plaintiff was dismissed and told that the behavior he was experiencing was "not a big deal."

27. As Plaintiff's complaints of discrimination and mistreatment were failing to remedy Plaintiff's concerns, Plaintiff thereafter escalated his concerns and complained of "racism" and the "racist" behaviors of Defendant with Jimenez.

28. In response, Plaintiff was again dismissed and not taken seriously.

29. In short temporal proximity to Plaintiff's final complaints of discrimination, and in retaliation for his complaints of discrimination, on or about October 22, 2024, Plaintiff was informed he was being terminated by Lozano.

30. Lozano told Plaintiff that he was being terminated for allegedly having a bad attitude.

31. Defendant's purported reason for Plaintiff's termination is false.

32. Defendant's Owner Jennings had praised Plaintiff for his work throughout the duration of his employment with Defendant.

33. Plaintiff avers that Lozano's reference to a "bad attitude" referred instead to Plaintiff's complaints of unlawful racial discrimination and harassment that he suffered while working for Defendant.

34. During Plaintiff's unexpected termination meeting, he again complained of discrimination, disparate treatment, and hostility to Lozano, who in turn told me "I am sorry," "we love you," "you are such a hard worker," and "I wish things could have worked out."

35. Lozano's response to Plaintiff during his termination further undermines Defendant's purported reason for Plaintiff's termination.

36. Plaintiff believes and therefore avers that his race and color were a motivating/determinative factor in Defendant's decision to terminate his employment, and/or because he complained of race discrimination and opposed discriminatory employment practices.

6

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race/Color Discrimination, [2] Retaliation; and [3] Hostile Work Environment)**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the then-current or preceding calendar years applicable to Plaintiff's claims.

39. Defendant is therefore an "employer" as defined and covered by Title VII.

40. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

41. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate treatment and demeaning and/derogatory treatment because of his race.

42. Plaintiff was abruptly terminated under false and pretextual circumstances on or about October 22, 2024.

43. Plaintiff believes and therefore avers that his race and color were a motivating/determinative factor in Defendant's decision to terminate his employment.

44. Plaintiff avers that he was terminated because he engaged in protected activity under Title VII, specifically complaining about race discrimination and opposing discriminatory employment practices in the workplace.

45. These actions constitute discrimination, retaliation, and a hostile work environment made unlawful pursuant to Title VII.

7

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to:

A. Back wages, front pay, lost benefits, and compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and,

F. Any verdict in favor of Plaintiff be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race/Color Discrimination, [2] Retaliation; and [3] Hostile Work Environment)**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate treatment and demeaning and/derogatory treatment because of his race.

8

48.    Plaintiff was abruptly terminated under false and pretextual circumstances on or about October 22, 2024.

49.    Plaintiff believes and therefore avers that his race, and color were a motivating/determinative factor in Defendant's decision to terminate his employment.

50.    Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of his race and/or his complaints of race discrimination.

51.    These aforesaid actions constitute discrimination, retaliation, and a hostile work environment made unlawful pursuant to Section 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to:

A.    Back wages, front pay, lost benefits, and compensatory damages in an amount to be determined at trial;

B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount;

E.    Such other and further relief as is just and equitable under the circumstances; and,

F.      Any verdict in favor of Plaintiff be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Race/Color Discrimination, [2] Retaliation; and [3] Hostile Work Environment)**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Defendant had four (4) or more employees at all times applicable to Plaintiff's claims.

54.     Defendant is therefore an "employer" as defined and covered by the PHRA.

55.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the PHRA.

56.     During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate treatment and demeaning and/derogatory treatment because of his race.

57.     Plaintiff was abruptly terminated under false and pretextual circumstances on or about October 22, 2024.

58.     Plaintiff believes and therefore avers that his race, and color were a motivating/determinative factor in Defendant's decision to terminate his employment.

59.     Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of his race and/or his complaints of race discrimination.

60.     These aforesaid actions constitute discrimination, retaliation, and a hostile work environment made unlawful pursuant to the PHRA.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to:

A.     Back wages, front pay, lost benefits, and compensatory damages in an amount to be determined at trial;

B.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C.     Pre-judgment in an appropriate amount;

D.     Such other and further relief as is just and equitable under the circumstances; and,

E.     Any verdict in favor of Plaintiff be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**JURY DEMAND**

61.     Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:     _____

Ari R. Karpf, Esq.
Benjamin D. Salvina, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053

Date: May 2, 2025

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Brian McDuffie | : | CIVIL ACTION |
| v. | : | |
| Specialty Ring Products, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| 5/2/2025 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MCDUFFIE, BRIAN

## DEFENDANTS

SPECIALTY RING PRODUCTS, INC.

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    Liability    Liability **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending    Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   ☐ 380 Other Personal    Injury     Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury -   ☐ 385 Property Damage    Medical Malpractice    Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment   ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability |    Accommodations ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty    mployment **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other    Other   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education   ☐ 555 Prison Condition   ☐ 560 Civil Detainee -     Conditions of     Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  5/2/2025    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____